SAILORS *v.* THE STATE.

Where in the trial of a criminal case the proof shows that a man and a wo-
man, in an intoxicated condition, were riding upon a street-car, using
profane language and kissing and hugging each other to such an extent
as to attract the attention of other passengers upon the car, upon which
were also other females, this is sufficient to sustain a verdict of guilty un-
der section 396 of the Penal Code, notwithstanding the female passengers
may not have heard or witnessed such conduct.

Submitted June 19, —Decided July 18, 1899.

Accusation of misdemeanor.   Before Judge Norwood.   City
court of Savannah.   May term, 1899.

*Fred. T. Saussy* and *Gordon Saussy,* for plaintiff in error.
*W. W. Osborne, solicitor-general,* contra.

SIMMONS, C. J.   A man and two women boarded, at Thunder-
bolt, a surburban street-car for the purpose of returning to the
city of Savannah.   The man and one of the women were drunk
and cursing, hugged and kissed each other after boarding the
car, and failed to desist from such conduct when spoken to by
the conductor of the car.   There were also other females on the
car, though they were near the front, while the man and two
women first mentioned were in the rear.   These three were ar-
rested and accused, under section 396 of the Penal Code, of
disorderly conduct on a street-car "by cursing, hugging, and
otherwise acting in a disorderly manner, in the presence of fe-
males."   The latter part of the section mentioned is as follows:
"by indecent or disorderly conduct in the presence of females
on passenger-cars, street-cars, or other places of like character,
shall be guilty of a misdemeanor."   The trial was had in the
city court of Savannah, and the man and one of the women
were convicted, the other woman being acquitted.   The woman
who was convicted moved for a new trial, on the ground that

the verdict was contrary to law and the evidence and without evidence to support it. This motion was overruled, and the movant excepted.

There was no error in overruling the motion for new trial. The salutary statute under which the accused was convicted was enacted for the purpose of preserving peace and good order in the public conveyances of the State. The members of the legislature, besides many others who were in the habit of riding in public conveyances, had doubtless witnessed many scenes of disorderly conduct upon passenger-cars or street-cars in which females were also passengers. They had doubtless seen vulgar and drunken creatures acting in such a disorderly and indecent manner as to attract the attention of the other passengers, and using oaths in the presence of ladies who were also passengers on the car. This law was enacted for the purpose of punishing for such disorderly and indecent conduct and preventing its repetition. It was argued here for the plaintiff in error that, inasmuch as the females who were sitting in the front portion of the car had their backs turned to the accused persons, who were in the rear, the offense was not complete, because not "in the presence of females." We think that, under this statute, if the females were in the car upon which the disorderly conduct took place, it was not necessary, to make the offense complete, that they should be eye-witnesses of the disorderly or indecent conduct. Certainly they could hear oaths as well with their backs turned as though they were looking at the person using them. We think the true construction of the statute is that if the disorderly or indecent conduct takes place on a street-car on which females are riding, it is in their presence, although their backs may be turned to the offenders. That being drunk, cursing, and hugging and kissing in an offensive manner, as was here shown to be the case, by a man and a woman on a street-car, is disorderly conduct, we think too clear to require any discussion. For the reasons given, we think that the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*